IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANNY E. CAMPBELL**,

    Plaintiff,

v.

**DELMA ANN, LLC**, an Oregon Limited liability company; **RICHARD W. WOOD**; and **PORT OF NEWPORT**,

    Defendants.

Case No. 6:20-cv-00591-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

    Plaintiff Danny Campbell brings three claims against Defendants Delma Ann, Richard Wood, and Port of Newport: (1) negligence under the Jones Act, 46 U.S.C.A. § 30104; (2) unseaworthiness under general maritime law; and (3) negligence under general maritime law. Pl.'s Compl. ¶¶ 1, 10–20, ECF No. 1. Defendants Delma Ann and Richard Wood move to dismiss Plaintiff's second claim for failure to state a claim upon which relief can be granted. Defs.' Mot. 2, ECF No. 13. Because Plaintiff's unseaworthiness claim does not involve the vessel's equipment or any appurtenance, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED.

1 – OPINION AND ORDER

## **BACKGROUND**[1]

Plaintiff was a deckhand and crew member of the F/V *Delma Ann*. Pl.'s Compl. ¶ 1. On April 10, 2018, the vessel was in the water at the Port of Newport's commercial marina. *Id.* at ¶ 8. While taking the garbage away from the boat, Plaintiff fell due to an unmarked chain on the surface of the floating dock. *Id.* He suffered injuries to his hands, wrists, shoulder, and knee. *Id.* at ¶ 19. He alleges that Defendants' negligence and the vessel's unseaworthiness caused his injuries. *Id.* at ¶¶ 10–20. Plaintiff filed a Complaint on April 9, 2020. ECF No. 1. Defendants filed the instant Motion to Dismiss on June 29, 2020. ECF No. 13.

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendants argue that Plaintiff has failed to allege sufficient facts to establish that the vessel was unseaworthy or that its condition caused Plaintiff's injury. Defs.' Mot. 2. A plaintiff alleging unseaworthiness must show that:

> (1) the warranty of seaworthiness extended to him and his duties; (2) his injury was caused by a piece of the ship's equipment or an appurtenant appliance; (3) the equipment used was not reasonably fit for its intended use; and (4) the unseaworthy condition proximately caused his injuries.

*Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111 F.3d 658, 664–65 (9th Cir. 1997) (citing Gebhard v. S.S. Hawaiian Legislator, 425 F.2d 1303, 1310–12 (9th Cir. 1970); *Faraola v. O'Neill*, 576 F.2d 1364, 1366 (9th Cir. 1978)). The second element is at issue here.

The Supreme Court has long construed accidents on land as outside maritime jurisdiction. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 206 (1971). Piers and docks are generally deemed extensions of land, therefore injuries sustained to or on them are not actionable under maritime law. *Id.* at 206–207 (citing *The Plymouth*, 3 Wall. 20, 36, 18 L.Ed. 125 (1866); *Ex parte Phenix Insurance Co.*, 118 U.S. 610, 618–619 (1886); *Johnson v. Chicago & Pacific Elevator Co.*, 119 U.S. 388, 397 (1886); *Cleveland Terminal & Valley R. Co. v. Cleveland S.S. Co.*, 208 U.S. 316, 320 (1908)). The gangplank is the "rough dividing line" between state and maritime jurisdictions. *Victory Carriers*, 404 U.S. at 207.

An "appurtenance" is a "specifically identifiable" item that is "destined for use aboard a specifically identifiable vessel" and is "essential to the vessel's navigation, operation, or mission." *Brown v. Carmeuse Lime & Stone, Inc.*, No. 1:14-CV-2037, 2016 WL 3878111, at *1

3 – OPINION AND ORDER

(N.D. Ohio July 18, 2016) (quoting *Gonzalez v. M/V Destiny Panama*, 102 F.Supp.2d 1352, 1354–57 (S.D. Fla. 2000)). "[T]he fact that a seaman is sent to work on a dock does not make the dock a part of the vessel or an extension of the vessel." *Id.* at *1. "[W]hen an injury is caused by cargo not yet loaded from the dock onto the vessel, or caused by equipment located solely on a dock, then the injury is not caused by an appurtenance of the vessel." *Id.* at *2. Although *Victory Carriers* and *Brown* were decided on summary judgment, they are relevant here because both holdings discuss matters of law, not fact.

Here, Plaintiff alleges that an unmarked chain located solely on the floating dock caused him to fall. *See* Pl.'s Compl. ¶ 8. Plaintiff does not argue that the dock was an appurtenance. Plaintiff argues that his injuries occurred "in an area where [he] was required to be in the performance of his duties in the service of the vessel." Pl.'s Resp. 9, ECF No. 19. The fact that Plaintiff had to use the dock to take the garbage away from the vessel "does not make the dock a part of the vessel or an extension of the vessel." *See Brown*, No. 1:14-CV-2037, 2016 WL 3878111, at *1. Moreover, Plaintiff alleges that the chain "had been placed across the walking and working surface . . . or was allowed by the Port to be placed there." Pl.'s Compl. ¶ 8. The chain was not attached or essential to the vessel.

Plaintiff argues that "[t]he duty to provide a seaworthy vessel includes providing a method for safely boarding and departing the vessel." Pl.'s Resp. 7. Plaintiff cites numerous ingress and egress cases, none of which are analogous here because they involve gangplanks and gangways (or lack thereof) connecting vessels to piers and docks, not walkways on the piers or docks themselves. *See* Pl.'s Resp. 7–9; *see Superior Oil Co. v. Trahan*, 322 F.2d 234, 236 (5th Cir. 1963); *Hatfield v. Brown & Root, Inc.*, 245 F.Supp. 733, 734 (E.D. Texas 1965); *Quiles v. City of*

*New York*, 978 F.Supp. 2d 374, 386 (S.D. NY 2013); *Sherfy v. Barge Marin Horizon*, 76 F.Supp.2d 1054, 1056 (N.D. Cal. 1999); *Reyes v. Marine Enterprises, Inc.*, 494 F.2d 866, 869 (1st Cir. 1974); *Zilko v. Golden Alaska Seafoods, Inc.*, No. 52139–0–I, 2004 WL 2095737, at *1 (2004); *Tate v. C.G. Willis, Inc.*, 154 F.Supp. 402, 406–07 (E.D. Va. 1957); *Standard Oil Co. v. Robbins Dry Dock & Repair Co.*, 25 F.2d 339, 399 (D.C. NY 1928); *Mercado v. United States*, 184 F.2d 24, 25 (2nd Cir. 1950); *Toddy v. Arkansas Valley Dredging Co.*, 470 F. Supp. 692, 694 (E.D. Ark. 1979). Moreover, Plaintiff concedes that a "vessel owner is *not* obligated to provide a *seaworthy dock* but it is obligated to provide a safe means of getting from the shore to the vessel." Pl.'s Resp. 10 (citing *Toddy*, 470 F. Supp. at 694) (emphasis added). Plaintiff's means of getting from the dock to the vessel and back is not at issue here.

Plaintiff fails to state a sufficient claim for unseaworthiness. Because amendment would be futile, Plaintiff's unseaworthiness claim is dismissed with prejudice.

## CONCLUSION

Because Plaintiff fails to state a sufficient claim for unseaworthiness and amendment would be futile, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED and Plaintiff's second claim is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 31st day of July, 2020.


\_\_\_\_s/Michael J. McShane_____
**Michael J. McShane
United States District Judge**

5 – OPINION AND ORDER