IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY E. CAMPBELL,

                Plaintiff,

     v.

DELMA ANN, LLC, an Oregon Limited liability company; RICHARD W. WOOD; and PORT OF NEWPORT,

                Defendants.

Case No. 6:20-cv-00591-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Danny Campbell, a deckhand working aboard the F/V Delma Ann, was injured when he tripped over a chain on a floating dock. He brings claims of Jones Act negligence and general maritime negligence.

      Before the Court is Defendant Port of Newport's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Def.'s Mot. Dismiss, ECF No. 49. Because Plaintiff's injury did not occur on navigable waters nor by an appurtenance of a vessel on navigable waters, Defendant's Motion, ECF No. 49, is GRANTED. Plaintiff's Motion to Amend, ECF No. 63, is GRANTED. Plaintiff has thirty days to file an amended complaint.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff was a deckhand and crew member of the F/V *Delma Ann*. Pl.'s Compl. ¶ 1, ECF No. 1. On April 10, 2018, the vessel was in the water at the Port of Newport's commercial marina. *Id.* at ¶ 8. While taking the garbage away from the boat, Plaintiff fell due to an unmarked chain on the surface of the floating dock. *Id.* He suffered injuries to his hands, wrists, shoulder, and knee. *Id.* at ¶ 19.

## STANDARDS

This Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A rule 12(b)(1) dismissal for lack of subject matter jurisdiction may be based on either the face of the complaint or on extrinsic evidence demonstrating lack of jurisdiction. *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999). Plaintiff, as the party asserting jurisdiction, has the burden of establishing that the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## DISCUSSION

Plaintiff brings a Jones Act claim against Defendants Delma Ann and Richard Wood. Pl.'s Compl. 5–7; *see* 46 U.S.C. § 30104. Plaintiff brings a general maritime negligence claim against the Port of Newport. Pl.'s Compl. 9–11. It is undisputed that this Court has subject matter jurisdiction over the Jones Act claim. Port of Newport argues that the Court does not have subject matter jurisdiction over the general maritime negligence claim. Def.'s Mot. Dismiss 5–9.

Federal courts have original subject matter jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). A party invoking admiralty jurisdiction over a tort claim must satisfy a location prong and a connection prong: (1) "whether the tort occurred on navigable water," and (2) whether there exists a sufficient connection or nexus with "traditional maritime activity." *Grubart v. Great Lakes Dredge & Dodge Co.*, 513 U.S. 527, 534 (1995). The Supreme Court has long construed accidents on land as outside maritime jurisdiction. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 206 (1971). However, the Admiralty Extension Act extends jurisdiction to injuries that occur on land when the injury is "caused by a vessel on navigable waters." 46 U.S.C. § 30101(a). The Ninth Circuit has held this to mean "caused by a vessel or its appurtenance." *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1132 (9th Cir. 2018).

As this Court noted in its July 31, 2020 Opinion and Order, Plaintiff's injury did not occur on navigable waters. Op. Order 3, ECF No. 26 ("Piers and docks are generally deemed extensions of land . . . .") (citing *Victory Carriers*, 404 U.S. at 206–207). Further, Plaintiff's injury was not "caused by a vessel on navigable waters" nor by an appurtenance of a vessel. Op. Order 4; *cf. Adamson*, 907 F.3d at 1132 (The Admiralty Extension Act "does not extend to injuries 'on a pier by pier-based equipment.'") (quoting *Victory Carriers*, 404 U.S. at 211). Because the location test is not met, the Court need not address the "nexus" test. There is not admiralty jurisdiction over Plaintiff's negligence claim against the Port.

Plaintiff argues that even if the Court does not have original jurisdiction under admiralty law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Pl.'s Mem. Opp'n 11–12, ECF No. 63. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. Port of Newport argues that supplemental jurisdiction was designed for state law claims, not "inadequate federal claims." Def.'s Mot. Dismiss 10.

The Court is inclined to agree. Supplemental jurisdiction codified pendent jurisdiction which gave federal courts power to hear state law claims. *Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 268 (7th Cir. 1992) ("When a federal district court exercises jurisdiction over state law claims which are so related to a claim over which the court has original jurisdiction that the federal and state claims form part of the same case or controversy . . ., the court is now said to be exercising "supplemental" jurisdiction over the state claim, pursuant to 28 U.S.C. § 1367."); *see also Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) ("Supplemental jurisdiction is constitutional so long as the pendent *state law* claim is part of the same 'case or controversy' as the federal claim.") (emphasis added). Because Plaintiff's general maritime negligence claim is not a state law claim, the Court cannot exercise supplemental jurisdiction over it. Plaintiff is granted leave to amend his complaint to allege a state law negligence claim.

<u>**CONCLUSION**</u>

Defendant Port of Newport's Motion to Dismiss, ECF No. 49, is GRANTED. Plaintiff's Motion to Amend, ECF No. 63, is also GRANTED. Plaintiff has thirty days to file an amended complaint.

4 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this 14th day of October, 2021.


__s/Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**