IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANNY E. CAMPBELL,**

    Plaintiff,

v.

**DELMA ANN, LLC, an Oregon limited Liability company; RICHARD W. WOOD; and PORT OF NEWPORT,**

    Defendant.

Case No. 6:20-cv-00591-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Danny Campbell was a deckhand working aboard the F/V Delma Ann. While taking out the boat's trash, Plaintiff fell over an unmarked chain on Defendant Port of Newport's commercial marina and was severely injured. Plaintiff brings a Jones Act negligence claim against Defendants Delma Ann and Richard Wood (together, "Delma Ann Defendants") and a general negligence claim against the Port of Newport ("the Port"). The Port cross claims against Delma Ann Defendants for indemnification. Delma Ann Defendants move for summary judgment. Defs.' Mot. Summ. J. 1, ECF No. 51. Because Plaintiff cannot establish that the Delma Ann Defendants had dominion or control over the hazardous chain, and the Port cannot establish a legal right of indemnity, Delma Ann Defendants' Motion for Summary Judgment, ECF No. 51, is GRANTED.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff was injured when he tripped over a heavy logging chain that the Port had used to temporarily secure a broken finger-pier on the dock about a month prior. Dziuba Decl. Ex. 2 at 4–5, ECF No. 65; Dziuba Decl. Ex. 3 at 5. The chain was stretched taut and hanging above the dock by about one inch. Dziuba Decl. Ex. 4 at 3. Michael Smith, who worked for the Port and installed the chain, "realized that [he] had just made a huge trip hazard with no markings or warnings whatever." Dziuba Decl. Ex. 3 at 5. He "ran strips of caution tape" and placed warning signs, but still had concerns that the warning measures would not stay in place very long. Dziuba Decl. Ex. 3 at 6–7, 9. These warning signs were gone by April 10, 2018, when Plaintiff tripped over the chain. Dziuba Decl. Ex. 5 at 22.

Captain Wood also believed that the chain was a safety hazard. Dziuba Decl. Ex. 5 at 17. He had heard of others tripping over the chain and had even stumbled over it himself. Dziuba Decl. Ex. 5 at 18, 21. He brought his concerns to the maintenance office at the Port. Dziuba Decl. Ex. 5 at 18, 20. Captain Wood does not recall specifically telling Plaintiff about the chain but is "sure [he] pointed out that there was an obstacle on the walkway." Dziuba Decl. Ex. 5. At 31.

Plaintiff worked alongside Captain Wood and another crewmember, William Gates. Pl.'s Resp. 5, ECF No. 64. On April 10, 2018, the vessel was moored at the Port's commercial marina. Pl.'s Compl. ¶ 8, ECF No. 1. When Plaintiff and Gates finished cleaning the vessel, they departed to take care of the trash. Ou Decl. Ex. A at 5, ECF No. 53. Gates called out to Plaintiff and tossed him another bag of trash. *Id*. When Plaintiff turned back around to continue, he tripped over the chain. *Id*. As a result, Plaintiff suffered injuries to his hands, wrists, shoulder, and knee and has undergone multiple surgeries. Pl.'s Compl. ¶ 19.

## **STANDARDS**

The Court must grant summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews the evidence and draws inferences in the light most favorable to the non-moving party. *Miller*, 454 F.3d at 988 (quoting *Hunt*, 526 U.S. at 552). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting FED. R. CIV. P. 56(e)).

## **DISCUSSION**

### **Plaintiff's Jones Act Negligence Claim**

"The employer of a seaman owes the seaman a duty under the Jones Act to provide the seaman with a safe place to work." <u>Ribitzki v. Canmar Reading & Bates, Ltd. P'ship</u>, 111 F.3d 658, 662 (9th Cir. 1997). "To recover under the Jones Act, Plaintiff must prove that the employer's negligence played any part, no matter how slight, in causing his injuries." *Wuestewald v. Foss Maritime Co.*, 319 F.Supp.2d 1002, 1007 (N.D. Cal. 2004). The basis of an employer's liability for an employee's harm comes from the employer's actions, not the fact that an injury has occurred. *Gottshall v. Consolidated Rail Corp.*, 512 U.S. 532 (1994). Therefore, to recover under the Jones Act, Plaintiff must show that Delma Ann Defendants' own negligent actions caused his injury.

Plaintiff first alleges that Delma Ann Defendants violated certain OSHA regulations and Oregon Administrative Rules and were thus negligent per se. Pl.'s Compl. 1–3. Specifically, Plaintiff points to Oregon Administrative Rules Chapter 437-Division 2, incorporating 29 C.F.R. §§ 1910.21, 1910.22, which governs an employer's responsibility to maintain walking-working surfaces. 29 C.F.R. § 1910.22 provides:

> (A) *Surface conditions*. An employer must ensure . . . (3) Walking-working surfaces are maintained free of hazards such as sharp or protruding objects, loose boards, corrosion, leaks, spills, snow, and ice. . . .
>
> (D) *Inspection, maintenance, and repair*. The employer must ensure: (1) Walking-working surfaces are inspected, regularly and as necessary, and maintained in a safe condition; (2) Hazardous conditions on walking working surfaces are corrected or repaired before an employee uses the walking-working surface again. If the correction or repair cannot be made immediately, the hazard must be guarded to prevent employees from using the walking-working surface until the hazard is corrected or repaired. . . .

Delma Ann Defendants argue that these regulations do not apply. Defs.' Mot. Summ. J. 6. Unless otherwise specified, only Part 1917 applies to places of employment within a marine terminal. 29 C.F.R. § 1910.16(b). While Plaintiff notes that, under agreement with the Coast Guard, 29 C.F.R. § 1910 applies to uninspected fishing vessels, that same agreement states that "when an employee steps onto the pier or the dock from the gangway, 29 C.F.R. Part 1917 applies." Pl.'s Resp. 11; Suppl. Ou Decl. Ex. 1 at 12, ECF No. 69. Because Plaintiff's injury occurred on the dock, these regulations do not apply. Plaintiff's negligence per se argument fails.

Plaintiff then argues that Delma Ann Defendants breached the general duty for a shipowner to provide a reasonable safe place to work. Pl.'s. Compl. 1–3. Delma Ann Defendants argue that because they did not have dominion or control over the floating dock or the chain that caused Plaintiff's fall, they were not negligent. Plaintiff argues that the Delma Ann Defendants

duty to ensure safe access extends to all areas where crew members perform their work duties. Pl.'s. Compl. 5.

A duty to provide a reasonable safe place to work does not extend to premises over which the employer has no dominion or control, or opportunity to correct. *See e.g.*, *Todahl v. Sudden & Christenson*, 5 F.2d 462, 464 (9th Cir. 1925) (holding that the vessel owner's duty to provide a safe place to work does not extend when a crew member on leave enters a premise where the vessel owner has no dominion or control). Although Plaintiff was performing work duties when he was injured, Delma Ann Defendants had no control over the chain or its placement. *Cf. Trost v. American Hawaiian S.S. Co.*, 324 F.2d 225, 227 (2nd Cir. 1962) (holding that it would be totally unwarranted to "fasten liability upon the shipowner" when an employee fell through an opening in the floor of a café while performing work duties).

Plaintiff finally argues that Captain Wood had a duty to warn his employees of the chain. Pl.'s. Compl. 6–7. Even if Captain Wood had failed to warn Plaintiff about the hazard, this is insufficient to establish negligence. *Cf. Paul v. U.S.*, 205 F.2d 38, 40–41(3rd Cir. 1953) (holding that there is no duty "on the part of the shipowner to inspect the dock area owned and controlled by a third party before granting shore leave to crew members [nor] to give warning of any hazards."); *Trost*, 324 F.2d at 227 ("a shipowner is under no duty to warn his seamen of 'hazards' which they might reasonably be expected to perceive for themselves").

## II. The Port's Crossclaim

The Port filed a cross claim against the Delma Ann Defendants seeking indemnity. Port Newport Am. Cross-cl. 1, ECF No. 36. The Port's claim is based on the yearly "Moorage License Agreement" signed by the Port and Delma Ann Defendants, requiring Delma Ann Defendants to carry liability insurance and to add the Port as an additional insured. Ou Decl. Ex.

5 – OPINION AND ORDER

I, at 2. The Port argues that the Moorage License Agreement means that Delma Ann Defendants must indemnify the Port and that the Delma Ann Defendants are liable to the Port for their failure to list the Port as an additional insured as required by the Port's facilities code. Port Newport Am. Cross-cl. 3.

In the Moorage License Agreement, the "Waiver of Responsibility" section states that the Port is indemnified "from any loss, damage or injury resulting from the acts or omissions of License, his employees, agents, or invitees." Ou Decl. Ex. I, at 2. Delma Ann Defendants argue that this contractual indemnity provision does not indemnify the Port for the Port's own negligence. Defs.' Mot. Summ. J. 2.  The Port agrees and "only seeks indemnity for the [Delma Ann Defendants'] role in causing Mr. Campbell's injury." Port Newport Resp. 9, ECF No. 61. The Port argues that, even if Delma Ann Defendants are not found negligent, their acts or omissions contributed to Plaintiff's injury, because Gates distracted Plaintiff while he was walking on the dock. The Court is unpersuaded. As discussed above, Delma Ann Defendants did not have dominion or control over the chain that caused the Plaintiff's injury. The "Waiver of Responsibility" only indemnifies the Port from acts of the licensee. Ou Decl. Ex. I, at 2. There is no language requiring indemnification of the Port for any loss, damages, or injury not caused by the licensee. Ou Decl. Ex. I, at 2. The indemnification provision in the Moorage License Agreement is not applicable here.

//

//

//

//

6 – OPINION AND ORDER

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motion for Summary Judgment (ECF No. 51) is GRANTED.

IT IS SO ORDERED.

DATED this 19th day of November, 2021.

                                                        _____/s/ Michael J. McShane_____
                                                          Michael McShane
                                                United States District Judge