IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DANNY E. CAMPBELL,

    Plaintiff,

v.

DELMA ANN, LLC. An Oregon limited liability company; RICHARD W. WOOD; and PORT OF NEWPORT,

    Defendants.

Case No. 6:20-cv-00591-MC

OPINION & ORDER

MCSHANE, Judge:

    Plaintiff Danny Campbell brought a Jones Act negligence claim against Defendants Delma Ann and Richard Wood (together, "Delma Ann Defendants") and a general negligence claim against Defendant Port of Newport ("the Port"). Pl.'s First Am. Comp. ¶ 10–11, ECF No. 1; *Id.* at ¶ 13–14. The general negligence claim settled out of court and the Delma Ann Defendants moved for summary judgment on the Jones Act negligence claim. Scheduling Order, ECF No. 129 (settlement notice); Defs.' Mot. Summ. J. 1, ECF No. 51. Because Plaintiff could not establish that Delma Ann Defendants had dominion or control over the hazardous conditions at the Port, the Court granted Delma Ann Defendants' Motion for Summary Judgment. Op. Grant Defs.' Mot. 1, ECF No. 84. Plaintiff appealed to the Ninth Circuit and the Ninth Circuit affirmed. Notice of Appeal, ECF No. 137; Mem. Affirm 2, ECF No. 140. Delma Ann Defendants now seek $9,567.70 in costs for printed and electronically recorded transcripts necessarily obtained for use in the case. Defs.' Bill of Costs, ECF No. 141. Plaintiff objects to these costs. Pl.'s Obj. to Bill of

1 – OPINION AND ORDER

Costs, ECF No. 143. Because Plaintiff has not overcome the presumption in favor of awarding costs to a prevailing party, Delma Ann Defendants' motion for costs is GRANTED.

## STANDARDS

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). If a district court decides to disallow costs, it must "specify reasons for its refusal to award costs." *Id*. The burden is ultimately "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999).

## DISCUSSION

Delma Ann Defendants seek to recover $9,567.70 in costs for deposition transcripts, copies of deposition transcripts, and videotaped depositions. Defs.' Bill of Costs 3–10. Plaintiff objects and asks the Court to deny recovery entirely. Pl.'s Obj. to Bill of Costs 1. In the alternative, Plaintiff asks the Court to reduce the costs owed to $4,950.50. *Id.* at 6–7. Defendants respond that all the requested costs should be reimbursed because they are the prevailing party and the costs were reasonably and necessarily obtained to prepare for the case. Defs.' Resp. to Obj. 2, ECF No. 144. I agree.

I.  **Deny Recovery**

Costs are generally allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). When considering denying costs for a prevailing party, "a starting point for analysis" includes consideration of: "(1) the substantial public importance of the case, (2) the closeness and

2 – OPINION AND ORDER

difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (internal citations omitted). In *Escriba*, the employer defendant prevailed in a complex employment law case and was requesting various costs from the plaintiff. *Id.* at 1239. Because all five of these factors weighed in favor of the plaintiff, the court denied defendant's request for costs. *Id.* at 1249.

Here, Plaintiff does not address the first two *Escriba* factors, but argues that the third, fourth, and fifth favor the Plaintiff and thus should result in denial of Defendants' costs. Pl.'s Obj. to Bill of Costs 6. In addressing the third factor, Plaintiff asserts that awarding costs would "have a chilling effect on future claims by injured seamen." However, Plaintiff fails to substantiate this statement. *Id.* Moreover, this Court has previously held that similar costs would not have chilling effect on future similar litigation. *See Freyd v. Univ. of Oregon*, No. 6:17-CV-00448-MC, 2019 WL 5682512, at *3 (D. Or. Oct. 25, 2019) (Prevailing defendant requested costs of $12,587.57 and this Court found ". . . the relatively small sum requested by Defendants would not chill future . . . litigation."). This factor favors the Defendants.

Plaintiff alleges that the fourth *Escriba* factor weighs in his favor because his injuries "required numerous surgeries and left him unable to work." Pl.'s Obj. to Bill of Costs 6. A prevailing party's costs should only be denied when the financial means of the plaintiff are such that, "… severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs)." *Freyd*, 2019 WL 5682512 at *3 (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945–46 (9th Cir. 2003)). Here, while the Court is sympathetic to Plaintiff's injuries, Plaintiff has not offered any proof that he is indigent or that the costs would

3 – OPINION AND ORDER

otherwise be overly burdensome. Further, $9,567.70 is significantly less than the "tens of thousands of dollars" that the Ninth Circuit considered could be severely unjust in *Save Our Valley*. This factor also favors the Defendants.

For the fifth *Escriba* factor, Plaintiff states there is a "significant economic disparity" between Plaintiff and Defendants. Pl.'s Obj. to Bill of Costs 6. Again, however, Plaintiff does not substantiate this statement. *Id.* Further, this factor only tends to favor the losing party when the prevailing party is a large corporation. *See Escriba*, 743 F.3d at 1249 (When discussing the economic disparity between parties, the court emphasized the defendant was, "a multistate operation with more than 10,000 employees and a global product line, which made approximately 2 billion dollars in revenue [annually]"). As with prior factors, this too favors the Defendants. Ultimately, the *Escriba* analysis clearly favors Defendants.

## II.  Reduce Recovery

### A.  Deposition Transcript Fees

In the alternative, Plaintiff requests the Court reduce recovery to $4,950.50 by denying costs for: a copy of the deposition transcript of Defendant Wood ($392.30), Michelle Brunland ($175.60), and Chloe Miller ($91.65); the original deposition transcripts of Annie Tarr ($895.05) and Deanna Davis ($768.85); and the videotaped depositions of Plaintiff ($727.50), Annie Tarr ($227.50), Deena Davis ($196.25), Aaron Bretz ($852.50), and Kent Gibson ($290).

Generally, recovery of deposition costs is only denied when the depositions were "purely investigative in nature or solely for the convenience of counsel." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995). Further, to recover transcript costs, "transcripts need not be absolutely indispensable . . . it is enough if they [were] 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (internal quotation omitted). "The determination of necessity

must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Id.* (Quoting *Hudson v. Nabisco Brands Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985). The burden to justify costs for copies is not "a high one." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) (internal quotation omitted).

      Here, Plaintiff asks the Court to deny recovery of costs for copies of Ms. Branlund's and Ms. Miller's deposition transcripts. Ms. Branlund was a claims adjuster for the Port of Newport. Ou Decl. at 2 ¶ 4, ECF No. 144-1. She was assigned to Plaintiff's claim and took Plaintiff's statement to get his recollection of the incident and what his injuries were. *Id.* Ms. Miller was the corporate designee for the Port's risk financing entity and was deposed about the Port's moorage licensing agreement, the protection provided to the Delma Ann Defendants, and the claim benefits that were administered to Plaintiff. *Id.* at 3 ¶ 7. Plaintiff argues the costs of both deposition transcripts should be denied because their depositions were not referenced in Defendants' Motion for Summary Judgment. Pl.'s Obj. to Bill of Costs 4 (Ms. Branlund); *Id.* at 5 (Ms. Miller). However, "the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." *Frederick*, 162 F.R.D. at 143 (D. Or. 1995) (internal citations omitted). The Delma Ann Defendants contend that Ms. Branlund's deposition was reasonably necessary to determine Plaintiff's initial recollections and any prior knowledge of the chain, and Ms. Miller's was reasonably necessary to the issues of Plaintiff's claims and reported injuries. Defs.' Resp. to Obj. 5 (Ms. Branlund); *Id.* at 6 (Ms. Miller). The Court accepts this reasoning and finds their depositions were reasonably necessary. The Delma Ann Defendants can recover the transcript costs for both Ms. Branlund and Ms. Miller.

5 – OPINION AND ORDER

Next, Plaintiff argues that the cost of Defendant Wood's deposition transcript should be denied because any relevant evidence he offered could have been submitted as a declaration instead. Pl.'s Obj. to Bill of Costs 2. However, a witness's ability to provide a declaration does not render their deposition unnecessary. *See Barber*, 7 F.3d at 645 (7th Cir. 1993). Further, Mr. Wood appears on Plaintiff's witness list and is a named party in the case, both of which weigh in favor of his deposition being reasonably necessary. Pl.'s Witness List, ECF No. 104; *see Boresek v. United States Dep't of Agric.,* No. 6:12-CV-02138-MC, 2015 WL 6848481, at *1 (D. Or. Nov. 4, 2015) (being included on a witness list weighs in favor of deposition transcripts being reasonably necessary); *see also Freyd*, 2019 WL 5682512 at *4 (D. Or. Oct. 25, 2019) (being a named party to the case weighs in favor of deposition transcripts being reasonably necessary). Accordingly, the Delma Ann Defendants can recover the transcript cost for Defendant Wood.

Finally, Plaintiff argues that Ms. Tarr's and Ms. Davis' original deposition transcripts costs should be denied because Defendants' Motion for Summary Judgment does not use their depositions in direct connection to the issue of dominion and control, which ultimately decided the case. Pl.'s Obj. to Bill of Costs 4. However, this Court has previously held that when a motion for summary judgment references a deposition, the deposition was necessarily obtained "on that basis alone." *Boresek*, 2015 WL 6848481, at *1 (D. Or. Nov. 4, 2015). Therefore, the Delma Ann Defendants can recover the transcript costs for Ms. Tarr and Ms. Davis.

For the reasons above, the deposition costs associated with Ms. Branlund, Ms. Miller, Defendant Wood, Ms. Tarr, and Ms. Davis are granted to the Delma Ann Defendants.

### B.  Video Deposition Fees

Plaintiff next argues that the costs of videotaping the depositions of Plaintiff Campbell, Ms. Tarr, Ms. Davis, Mr. Bretz, and Mr. Gibson should be denied because the videos "added

nothing of substance and [were] not submitted in support of the Motion for Summary Judgment." Pl.'s Obj. to Bill of Costs 3–4 (Plaintiff Campbell); *Id.* at 4 (Ms. Tarr and Ms. Davis); *Id.* at 3 (Mr. Bretz); *Id.* at 4–5 (Mr. Gibson).

Although the Ninth Circuit has not ruled on the issue of reimbursing costs for both videotaped and transcribed depositions, the District of Oregon has allowed recovery for both only when the transcript and video were *both* reasonably necessary. *See Motionless Keyboard Co. v. Microsoft Corp.*, No. CIV.04-180-AA, 2005 WL 1899377, at *3 (D. Or. Aug. 5, 2005), *aff'd*, 184 F. App'x 967 (Fed. Cir. 2006) (videotaping cost was reimbursed when it was necessary to record the plaintiff's dialing method, but rejected when defendant did not provide an explanation for videotaping). Here, the deposition transcripts of Ms. Tarr and Ms. Davis were already found to be reasonably necessary, and the necessity of Mr. Bretz's, Mr. Gibson's, and Mr. Campbell's depositions is not disputed. Accordingly, whether the costs for videotaping can be recovered rests on whether the videotaping was reasonably necessary.

The Delma Ann Defendants argue that videotaping was necessary because the depositions occurred in spring 2021 when the Court had substantial COVID-19 restrictions in place. Defs.' Resp. to Obj. 7. At that time, the Court prohibited both in-person depositions and in-person appearances. *Id.* Defendants therefore contend it was reasonably necessary to videotape the depositions so that they could be played in trial if witnesses were unable to attend trial or were prohibited from attending trial. *Id*. This argument has been accepted in other Ninth Circuit courts. *See Walsh v. Bowers*, No. CV 18-00155 SOM-WRP, 2021 WL 6755018, at *4 (D. Haw. Nov. 18, 2021), *report and recommendation adopted as modified*, No. CV 18-00155 SOM-WRP, 2022 WL 355126 (D. Haw. Feb. 7, 2022), *aff'd and remanded sub nom. Su v. Bowers*, 85 F.4th 530 (9th Cir. 2023), and *aff'd and remanded sub nom. Su v. Bowers*, 89 F.4th 1169 (9th Cir. 2024)

7 – OPINION AND ORDER

("Moreover, the Court accepts Defendants' explanation that video depositions were particularly necessary for use in this case based on when the depositions were taken—in the midst of the ongoing Covid-19 pandemic where the ultimate format of the trial and witness presentation remained uncertain."). This Court agrees. Because both the transcripts and videotapes at issue were reasonably necessary, the Delma Ann Defendants can recover costs for both.

## CONCLUSION

For the reasons explained above, Delma Ann Defendants' Bill of Costs (ECF No. 141) for $9,567.70 is GRANTED.

IT IS SO ORDERED.

DATED this 19th day of March, 2024.

                                                  /s/Michael J. McShane  
                                                   Michael J. McShane  
                                               United States District Judge